12-4810-cv
Lewis v. NYC Police Dept.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

———————————————————————

Crystal D. Lewis,

> *Plaintiff-Appellant,*

> v.                                                                No. 12-4810-cv

NYC Police Department, Raymond Kelly,
Commissioner,

> *Defendants-Appellees.*

———————————————————————

For Plaintiff-Appellant**:**          Crystal D. Lewis, *pro se*, Brooklyn, NY.

For Defendants-Appellees**:**          Marta Soja Ross, Assistant Corporation Counsel, *for*
                                       Michael A. Cardozo, Corporation Counsel of the City of
                                       New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Crystal D. Lewis, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Defendants-Appellees the New York City Police Department and Commissioner Raymond Kelly with respect to her claims for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., as well as for discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of the Appellees on Lewis's employment discrimination claims.  Because Lewis raises no arguments on appeal that were not properly

2

before the district court, we affirm for substantially the same reasons stated by the district court in its thorough November 8, 2012 decision.

We have considered all of Lewis's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk